A. L. WEBB & SONS et al v. R. W. HICKS et al.

*Action in Assumpsit — Pleading — Cause of Action — Defective Statement.*

1. While the Courts will lend their aid in putting a proper construction upon the facts stated where the complaint sets out a cause of action, though defectively stated, yet they will not entertain a complaint which states no cause of action.

2. A complaint which merely states a conclusion of law—that the defendant is indebted to the plaintiff, and that the debt has not been paid, is demurrable both at common law and under *The Code.*

CIVIL ACTION, tried before *Brown, J.,* at November Term, 1894 (a jury trial being waived). The complaint was as follows :

The plaintiffs, complaining, say :

"1. That Chas. A. Webb and Oscar E. Webb, above named plaintiffs, at the times hereinafter named, were partners doing business at Baltimore, Maryland, as A. L. Webb & Son.

"2. That the plaintiff, M. McD. Williams, at said times, during the year 1891, was at the instance of, and as agent for, the defendants, J. Y. Gossler and R. W. Hicks, and by their consent, doing business at Spout Springs, N. C., and as such became indebted to the said A. L. Webb & Son in the sum of eight hundred and ninety-five dollars and thirty-six cents ($895.36) with interest from April 19th, 1892, which is the amount of said indebtedness.

"3. That on or about January 2d, 1892, the said J. Y. Gossler and R. W. Hicks agreed with said M. McD. Williams to submit to arbitration, in order to ascertain the amounts due, and to settle all matters of difference between the said M. McD. Williams, J. Y. Gossler, R. W. Hicks and

the creditors of W. J. McDiarmid & Bro. and the said Williams.

"4. That on said January 2d, 1892, as plaintiffs are informed and believe, the said J. Y. Gossler and R. W. Hicks contemplated and were intending to form a corporation for the purpose of working the properties which had been in the possession and use of M. McD. Williams whilst so doing business for them and as their agent as above alleged; and, as part of the agreement to arbitrate, it was stipulated that the corporation to be formed should immediately, upon the coming in of the award, become bound therefor together with said Gossler & Hicks.

"5. That in accordance with the intention of said Gossler & Hicks, as above set forth, they procured to be formed a corporation under the name of " The Consolidated Lumber Company," the above named defendant.

"6. That in accordance with said agreement to arbitrate, Jas. C. McRae and N. A. Sinclair were duly named as arbitrators and C. W. Broadfoot as umpire.

"7. That said M. McD. Williams, on or about the 6th day of January, 1892, failed in business and made an assignment of his property to G. W. Buhman, above named plaintiff, for the benefit of his creditors, and his estate is insolvent.

"8. That afterwards, said arbitrators and umpire, after hearing and due consideration of the matters of difference submitted to them, adjudged that the indebtedness to the plaintiff, A. L. Webb & Son, was eight hundred and ninety and 46-100 dollars, which award was duly made on July 1st, 1892."

"Wherefore the plaintiff demands judgment

"1. Against the defendants, John Y. Gossler and R. W. Hicks for eight hundred and ninety-five and 36-100 dollars with interest on same from April 19th, 1892, and against

the defendant, The Consolidated Lumber Company, for eight hundred and ninety and 46-100 dollars and interest on same from July 1st, 1892.

"2. Against all the defendants for the costs and disbursements expended in this action, and for all other and further relief to which plaintiffs may be justly entitled."

The plaintiff Webb was allowed to amend his complaint so as to declare upon two causes of action, one upon the alleged debt and based upon the agreement in writing made in January, 1891. This agreement is not dated, but it is admitted to have been concluded and entered into in said month and year. It is marked Exhibit "A." Also to set out another cause of action based upon the alleged debt due Webb and the arbitration and award hereinafter set out.

The Court found the following facts:

Chas. A. and Oscar E. Webb compose firm of A. L. Webb & Son, of Baltimore, Md.

The above recited Exhibit "A" is, in evidence, admitted to be signed by Gossler & Co. and Hicks. Agreement to arbitrate (not signed by A. L. Webb & Son), dated January 2nd, 1892, and also the award dated July 1st, 1892. They are attached together and marked Exhibit "B."

For the purposes of this action it is admitted that after the aforesaid agreement between creditors, entered into in January, 1891, and marked Exhibit "A," said M. McD. Williams, as assignee of W. J. McDiarmid, contracted with A. L. Webb & Son the debt sued on amounting to $890.46, bearing interest from April 16, 1892, at six per cent., which said debt was evidenced in large part by drafts drawn for money by said Williams, as assignee of W. J. McDiarmid, and small part for spirit barrels, &c. That before said credit was extended to said Williams and his drafts paid, the agent of said A. L. Webb & Son knew of and

read the said agreement, marked Exhibit "A." That said debt has never been paid.

The assignment from W. J. McDiarmid to M. McD. Williams, dated December 12th, 1890, is in evidence. The order of payment of debts as set out in this assignment differs somewhat from the agreement (Exhibit A) of January, 1891, as a comparison will disclose.

It is admitted that there were prior mortgage and deeds in trust covering the same property embraced in said agreement of December 12, 1890, held by Jno. D. Williams, Jos. G. Brown, trustee, and the M. McD. Williams mortgage and the mortgage to Gossler & Co., securing debts unpaid. That said mortgage and deed in trust were foreclosed by the mortgagees and trustees named in them on January 5, 1892, under powers of sale, and the property was purchased by J. Y. Gossler and R. W. Hicks, and deed executed to them by the mortgagees and trustees.

There is nothing to show that Gossler & Co. or Hicks had actual knowledge of the alleged debt sued on in this action at time it was contracted or thereafter until shortly before beginning of this action, and it is admitted that when the said defendants purchased said property at sale January 5, 1892, they had no actual notice of said debt. There is no evidence that Gossler & Hicks had any notice that the assignee, Williams, was contracting any debts individually or as assignee.

After the sale of January 5th, 1892, the corporation now known as The Consolidated Lumber Company was formed, in which Gossler, Hicks and others, who are not parties to this action are stockholders. Gossler and Hicks were promoters of the enterprise and assisted in forming the corporation, and after it was duly formed conveyed the property to it in consideration of part money and part stock. There are now other stockholders besides Gossler & Hicks. After-

wards M. McD. Williams made a general assignment for benefit of his creditors, and N. A. Sinclair, the substituted assignee, is a party plaintiff to this action.

From the above facts and evidence and admissions in the pleadings the Court considers and adjudges:

"1. That A. L. Webb & Son were not parties to the agreement to arbitrate and the award thereon (exhibit B) and not bound by it, and cannot maintain an action upon it.

"2. That the agreement of January, 1891 (ex. A) does not render the defendants, Gossler & Hicks, liable to A. L. Webb & Son for the debt sued on.

"3. That the defendant, The Consolidated Lumber Company, is not liable to plaintiffs.

"4. That the action be dismissed and the defendants go without day and recover costs to be taxed by the Clerk."

From this judgment the plaintiffs appealed.

The agreement of 1891, referred to in paragraph 2 of the complaint and designated by His Honor below as "Exhibit A," was in effect an agreement between the creditors of W. J. McDiarmid & Bro. that M. McD. Williams, as assignee, should continue the business of McDiarmid & Bro. for one year from January, 1891, at the end of which time he should "render an account of the said business to the said creditors, when it may be determined by a majority in value of the creditors then unsatisfied whether, and for how long, it shall be further continued, or whether the said business shall then be wound up by a sale of the said property." It was further provided that the assignee should receive, as his entire compensation, 5 per cent. on all receipts from sales, in lieu of the 5 per cent. on receipts and disbursements provided for in the assignment. The agreement referred to in paragraph 3 of the complaint designated as "Exhibit B" was not signed by plaintiffs, nor were

they in any way made parties thereto; and the award mentioned in paragraph 8 found that the "estate held by M. McD. Williams, assignee," was indebted to plaintiffs in the sum of $890.46, but did not adjudge this to be an indebtedness of defendants.

*Messrs. N. A. Sinclair* and *Shepherd & Busbee*, for plaintiffs (appellants).

*Messrs. MacRae & Day* and *H. McD. Robinson*, for defendants.

FURCHES, J.: The first thing called to our attention in considering this case is the allegations of plaintiff's complaint, and it was admitted by the learned counsel who argued the case in this Court not to be a very clear statement of plaintiff's cause of action. But they contended that it was a defective statement of a cause of action and not a statement of a defective cause of action; that a cause of action is stated with sufficient clearness and certainty not to mislead defendants, but to give them notice of plaintiff's claim, when and how it was created and how they became liable, and that, this being so, the Court ought to sustain the complaint, and cite *Stokes* v. *Taylor*, 104 N. C., 394; *Fulps* v. *Mock*, 108 N. C., 601. These cases went to the very verge, but we think they were allowable under the liberal spirit of *The Code*, and we do not propose to disturb them.

But we do not think they sustain the complaint in this case. They properly named all the parties and they stated fully the facts constituting a cause of action. Though they declared on a special contract they stated facts that entitled them to recover on the general or implied contract, for services performed. The form of actions having been abolished by *The Code*, the Court did not stop to consider

whether, under the old practice they should have been actions of debt or actions of *assumpsit*, but took up the facts and found that a cause of action was stated entitling the plaintiff to recover and sustained the ruling of the Court below in so holding. These were cases where a cause of action was stated and is called a defective statement of a cause of action, in which the Courts will lend their aid in putting a proper construction on the facts stated.

But in our opinion the complaint in this case fails to state a cause of action, and in this lies the distinction between this case and the cases of *Stokes* v. *Taylor* and *Fulps* v. *Mock, supra.* This case does not state facts constituting a cause of action.

Chief Justice SHEPHERD, in the case of *Lassiter* v. *Roper*, 114 N. C., 17, in a well considered opinion, says, quoting from the opinion of Chief Justice KENT, 1 Johnson, 453, " I entertain a decided opinion that the established principles of pleading, which compose what is called its science, are rational, concise, luminous and admirably adapted to the investigation of truth and ought consequently to be very carefully touched by the hand of innovation." " It was but in keeping with the spirit of these views that our present system of civil procedure was framed and enacted, and we find this Court, very shortly after its adoption, repudiating the idea that loose and uncertain pleadings would be tolerated." In *Crump* v. *Mims*, 64 N. C., 767, the Court said : " We take occasion here to suggest to pleaders that the rules of common law as to the pleading, which are only the rules of logic, have not been abolished by *The Code*," quoting to sustain this position *Parsley* v. *Nicholsson*, 65 N. C., 210 ; *Oates* v. *Gray*, 66 N. C., 442 ; *Vass* v. *B. & L. Association*, 91 N. C., 55. "It was a false notion entertained by some of the legal profession that the Code of Civil Procedure is without order or certainty and that any pleading,

however loose and irregular, may be upheld.  On the contrary, while it is not perfect, it has both logical order, precision and certainty, when it is properly observed.  Bad practice too often tolerated and encouraged by the Courts brings about confusion and unjust complaints against it.  It is still essential to state the facts.  *The Code*, sections 233–243, which provides that there must be a plain, concise statement of the facts, constituting a cause of action."  *Rountree* v. *Brinson*, 98 N. C., 107.  "A complaint which merely states a conclusion of law (that is that the defendant is indebted to the plaintiff and that the debt has not been paid) is demurrable both at common law and under *The Code.*"

We have quoted thus extensively from the case of *Lassiter* v. *Roper*, 114 N. C., 17, for the reason that it is the latest exposition we have from this Court on the question of defective pleadings and because it appears to have been fully considered by the Court and ably and exhaustively treated in the opinion.  And because we think it controls, and indeed disposes of the case under consideration.

It is not for us to say what rights the plaintiffs might have under a proper conception of their case and under proper pleadings, treating the creditors of McDiarmid Bros., who signed Exhibit " A " as a partnership.  It is only for us to say there is no error in the judgment of the Court below.

No Error.