A. L. WEBB & SONS, and Others, v. R. W. HICKS, and Others.

(Decided November 21, 1899.)

*Petition of Defendants to Rehear Case Reported in 123 N. C., 244.*

The opinion and judgment of the Court must at least be presumed to be correct—the burden of showing otherwise is upon the petitioners—that some fact, found and relied on by the Court, was incorrectly found. The petitioners are the moving parties and they must show error.

PETITION to rehear dismissed.

*Messrs. H. McD. Robinson, S. H. MacRae* and *McNeill & Bryan,* for petitioners.
*Messrs. N. A. Sinclair* and *Shepherd & Busbee, contra.*

FURCHES, J.   This is a petition by defendant to rehear a case heard at the September Term, 1898, of this Court, and reported in 123 N. C., 244; and by the order of the Justice granting the petition, the rehearing is restricted to the statute of limitations.

The same case, or a case between the same parties, and for the recovery of the same claim, had been before this Court

at February Term, 1895, (116 N. C., 598). That appeal was brought to this Court by the plaintiff from a judgment dismissing the action; and, upon the hearing in this Court, the judgment of the court below dismissing the plaintiff's action was affirmed. So it would seem that it could hardly be disputed that this action falls within the provisions of sec. 166 of The Code. *Straus v. Beardsley,* 79 N. C., 59; *Wharton v. Commissioners,* 82 N. C., 11.

But the defendants in their argument and brief,for the purpose of availing themselves of the plea of the statute of limitations, contend that this action was not brought within one year from the termination of the former action. And that if it was brought within one year from that time, it will not benefit the plaintiff, for the reason that the complaint in the first case did not state a cause of action. This last reason seems to be the only ground relied upon in the petition, as it is not alleged by the defendants that this action was not commenced within one year from the termination of the former action.

The learned counsel who certified to the manifest error of the Court (in the opinion 123 N. C., 244) says, "The Court seems to have overlooked the real nature of the plea set up by defendants in the second action. They pleaded the 3-years' statute of limitations, and did not contend that the second action was not brought within one year after the termination of the first, but that the first action had no legal effect in the case, as no cause of action had been stated in it."

The learned counsel do not cite any authority for this position, and it seems to be in conflict with *Straus v. Beardsly, supra,* in which it is held that sec. 166 applied where the first action was dismissed because the court in which it was brought had no jurisdiction. In that case it appeared that the *cause of action* in the first action was the same as that in

the second, and that the statute, Code, sec. 166, applied. In this case the cause of action is identically the same as that attempted to be set up in the former action—the recovery of $895.36 for goods sold and money furnished to M. McD. Williams, agent of the defendants. And it seems to us that it falls directly within the principle decided in *Straus v. Beardsly.*

We therefore hold that this action is for the same cause of action as that in the former action, and falls within the provisions of sec. 166 of The Code, and is not barred by the statute of limitations if commenced within one year from the termination of the first action.

This question, which seems not to have been relied upon in the petition to rehear—that this was not commenced within one year—seems to be principally relied on in the argument here. It seems to have been conceded by agreement of counsel and the statements in the petition, that this action was brought within a year from the termination of the former action. But defendants contend that the record does not show that it was commenced within one year, and that they have the right here to take that position; that they are not bound by what is said in the petition or by what is stated in the certificate of counsel in pointing out the error of the Court. It therefore becomes our duty to pass upon this question.

It appears that this action was commenced on the 30th of April, 1896, returnable to May Term of Cumberland Superior Court. It is admitted that the first action terminated by final judgment at May Term, 1895, and if that is the time to be counted from, that this action was brought within one year from the termination of the first action. The record does not show when the opinion of this Court was filed (for the reason, as we suppose, that that question was not

contemplated when the record was made of the trial below).
But it was stated in the argument that the opinion of this
Court in the first case was filed in April, 1895, before the
30th day of that month. And the defendants contend that
that was the date from which time should be counted. While
we are not furnished with any direct authority upon this, and
not having been able to find any ourselves, we are of the opin-
ion that the time should be counted from the rendition of the
final judgment in the Superior Court dismissing the action.
This seems to be in harmony with the spirit of this enabling
statute, which should receive a liberal construction. This
leaves no uncertainty as to time, as the filing of the opinion in
this Court would do. Besides, this Court entered no judg-
ment in the case, except for costs. The opinion had to be
certified to Cumberland Superior Court, where the action was
still pending and awaiting the decision of this Court on the
questions of law presented by the appeal. No termination
of the action could be had by the Superior Court until the
opinion of this Court was certified to that Court.

But the defendants say that if this be so, they were not
served with process returnable to May Term, 1896, and the
plaintiff sued out no alias from that term, and none was asked
for or ordered until July Term. The defendants contend that
this was a discontinuance as to them, and that the alias issued
after July Term was in law the commencement of this action
against them; and that this was more than one year from the
date of the judgment of Cumberland Superior Court (at May
Term, 1895), dismissing the plaintiffs' first action. This
would certainly be so if nothing else appeared. *Etheridge
v. Woodsley,* 83 N. C., 11.

But it appears that defendants' counsel, at the return term
entered a general appearance for the defendants, which
remained so until July Term when the counsel came into

court and stated that he only intended to enter an appearance for those who had been served with process, and asked permission of the Court to be allowed, then, to change the entry on the docket so as to make it show that he only appeared for those who had been serevd with process.   The Court allowed this to be done, and in the same order allowing counsel to change the entry on the docket from a general appearance, ordered an alias for the defendants, which was issued returnable to the next term.   By this appearance, the defendants were in court, and it needed no further process to bring them in.   *Etheridge v. Woodsley, supra; Moore v. Railroad,* 67 N. C., 209 ; *Middlelon v. Duffy,* 73 N. C., 72.   After this, if the defendants were allowed to amend themselves out of court (and it seems to us that this order of the Court was proper) it would be unconscionable to allow the defendants to take advantage of the fact that the plaintiff had not taken an alias from the May Term, when the defendants, by their attorney, had put themselves in court.

We again note the fact that, while the counsel for defendants do not deny but what the entry of a general appearance was made at May Term, they say that it is not stated in the order of the Court allowing them to change the entry from a general appearance, and ordering an alias summons when this entry of appearance was made.   We do not agree with the defendants' counsel in this contention.   We think that sufficient appears, outside of the verbal admission, to show that it was made at May Term.   A part of the defendants had been served with process returnable to May Term, and the plaintiff would have been entitled to judgment against them at that term if no appearance had been made for them ; and it is reasonable to presume that it was made for them, as no judgment was taken.   And it seems to us that defendants would hardly have asked the Court for leave to change

the general entry of appearance at July Term if it had not been made before that term.

But whether we are correct in our finding of this fact from the record that counsel entered an appearance for these defendants at May Term or not, we must remember that this is a petition by defendants to rehear upon the ground that the Court committed error in its former opinion. The defendants are the moving parties, and the burden is upon them to show the error. The opinion and judgment of the Court must at least be presumed to be correct; and unless the defendants show that it is not—that same fact found and relied on by the Court was incorrectly found—it seems to us that the judgment should be sustained. This burden is upon the petitioners. And the most they claim to be able to show from the record is that it "don't show" when they came into court and entered a general appearance.

In asking us to reverse our former judgment, the defendants should be willing to shoulder the burden the law has put upon them, and to show us the error of which they complain. This they have not done, and the petition must be dismissed.