### J. H. GROGG, JR., v. WILLIAM H. GRAYBEAL ET AL.

(Filed 26 February, 1936.)

**Courts A c—Appeal from county court must be taken to next term of Superior Court commencing after adjournment of county court.**

An appeal from judgment of a general county court must be taken to the term of the Superior Court commencing next after the adjournment of the term of the county court at which the judgment was entered, and where the record is not docketed in the Superior Court within the time prescribed, the appeal is properly dismissed, it being provided by statute that appeals from the general county court shall be governed by the rules governing appeals from the Superior Courts to the Supreme Court, 3 C. S., 1608 (cc), and dismissal in such circumstances being mandatory under Rule of Practice in the Supreme Court No. 5.

APPEAL by plaintiff from *Oglesby, J.,* at November Term, 1935, of BUNCOMBE.

Civil action to recover broker's commissions on sale of real estate, tried in the general county court of Buncombe County, September Term, 1935, nonsuited as to defendant W. H. Graybeal, and appeal dismissed in Buncombe Superior Court, November Term, 1935.

The facts are these:

1. Judgment was signed in the general county court, 6 September, 1935.

2. The September Term, general county court, adjourned by limitation, 4 October, 1935.

3. Plaintiff appellant docketed record proper in office clerk Superior Court, 28 October, 1935.

4. No case on appeal has been stated or served on appellee, and no certification of the judgment roll appears in the cause.

5. Appeal bond was filed 31 October, 1935.

6. The October and November Terms, 1935, Buncombe Superior Court, began 6 October and 4 November, respectively.

Upon the foregoing facts, the Superior Court being of opinion the appeal had not been prosecuted as required by law, dismissed the same upon motion of appellee.

Plaintiff appeals.

*Weaver & Miller for plaintiff.*
*George O. Perkins and Sale, Pennell & Pennell for defendants.*

STACY, C. J. The general county court of Buncombe County was established in 1929, pursuant to ch. 159, Pub. Laws 1929, which brought said county within the operation of the general statutes on the subject. *Jones v. Oil Co.,* 202 N. C., 328, 162 S. E., 741.

It is provided by 3 C. S., 1608 (cc), that appeals in civil actions may be taken from the general county court to the Superior Court of the county in term time for errors assigned in matters of law "in the same manner as is now provided for appeals from the Superior Court to the Supreme Court," the time for docketing and perfecting appeals to be counted "from the end of the term of the general county court at which such trial is had." *Baker v. Clayton,* 202 N. C., 741, 164 S. E., 233.

Assuming, therefore, that the rules of the Supreme Court are applicable to appeals from the general county court to the Superior Court of the county—and the statute appears to be susceptible of no other interpretation—it would seem the motion to dismiss was properly allowed under Rule 5, Rules of Practice in the Supreme Court, 200 N. C., 816; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126; *Pentuff v. Park,* 195 N. C., 609, 143 S. E., 139.

It is true, the rules as thus adopted by statute, apparently are ill adapted to appeals from the general county court to the Superior Court of the county, but as they have been prescribed by the General Assembly, litigants who avail themselves of the machinery of the general county courts are under the necessity of conforming. *Baker v. Clayton, supra.*

Affirmed.