In re Will of W. M. EVANS.

(Filed 8 April, 1936.)

**Limitation of Actions B d—**

    Where, at the time of the accrual of the cause of action, the person entitled to bring action is not under disability, the statute of limitations will not cease to run because thereafter the right passes to an infant.

APPEAL by caveator from *Harris, J.,* at September Term, 1935, of PITT.

Caveat proceeding.

The facts are these:

1. In September, 1911, W. M. Evans died leaving a last will and testament in which he named his son, Zeno T. Evans, executor.

2. On 29 September, 1911, the executor duly probated said will in common form.

3. On 8 August, 1912, Zeno T. Evans died leaving him surviving a son, Elbert Evans, then about nine months of age.

4. On 12 January, 1935, Elbert Evans filed caveat to his grandfather's will.

The trial court held that the caveator's right to file said caveat was barred by the seven-year statute of limitations, C. S., 4158, and so instructed the jury.    Exception.

Judgment on the verdict, from which the caveator appeals, assigning errors.

*Julius Brown for caveator.*
*Harding & Lee and Albion Dunn for respondent.*

PER CURIAM.    Affirmed on authority of *Chancey v. Powell,* 103 N. C., 159, 9 S. E., 298.    "In the statute of limitations, there is an express exception in favor of the rights of those who may be infants, etc., at the time the right accrues, but if, at that time, there is no disability, although the right may, on the next day, pass to an infant, etc., it is not within the proviso, so that it has grown into a legal adage, 'When the statute begins to run it continues to run.'"    *Mebane v. Patrick,* 46 N. C., 23.

Affirmed.