JAMES WEST, BY HIS NEXT FRIEND, W. C. WEST, v. F. W. WOOLWORTH COMPANY AND ROBERT E. ANTHONY.

(Filed 28 September, 1938.)

1. **Courts § 2a—Superior Court has discretionary power to reinstate appeal from county court upon motion aptly made.**

    The Superior Court has the discretionary authority to reinstate an appeal from a general county court upon motion made at the same term the appeal is dismissed for failure of appellant to comply with the statutory requirements governing such appeals, since the statute, C. S., 1608 (cc), provides that such appeals shall be governed by the rules for appeals from the Superior Court to the Supreme Court, and such procedure is provided by the Rules of Practice in the Supreme Court (Rule 17), and the Superior Court obtains jurisdiction through the motion to reinstate aptly made, and may pass upon the motion at that or a subsequent term.

2. **Judges § 2c: Courts § 4—Judge holding courts for Spring circuit has jurisdiction of entire term beginning in June and running into July.**

    When a term of court begins the last part of June, the judge of the Superior Court assigned to that district for the Spring circuit has authority throughout the term of court, even though the term runs over into July, C. S., 1446, since any term which begins in June "falls" between January and June within the meaning of the statute.

APPEAL by defendant F. W. Woolworth Company from *Alley, J.,* at June Term, 1938, of BUNCOMBE.

Civil action for recovery of damage for alleged slander.

The action was instituted in the general county court of Buncombe County. On the trial at January Term, 1938, of said court there was verdict in favor of the plaintiff against the defendant Robert E.

Anthony, but the jury found that at the time of the alleged slander he was not "acting within the course and scope of his authority" as assistant manager for defendant F. W. Woolworth Company. Motion of plaintiff to set aside the verdict as to the issue of agency and for new trial thereon was denied. From judgment on the verdict plaintiff appealed to the Superior Court and assigned error.

At the June Term, 1938, of the Superior Court, on motion of defendant F. W. Woolworth Company, and, upon findings of fact to the effect that plaintiff had failed to comply with the statutory requirements and rules of the court governing the docketing and perfecting of appeals from the general county court to the Superior Court in the respects therein set forth, an order was entered dismissing the appeal of plaintiff and affirming the judgment of the general county court. Thereupon, at the same term of the Superior Court, in open court and on the day that the order dismissing the appeal was signed, plaintiff filed a motion to vacate the said order and for reinstatement of the appeal for causes stated, notice of which was given to counsel for defendant.

The motion to reinstate the appeal being heard on 1 July, 1938, at and during the next succeeding term of the Superior Court, the regular 2-weeks June, 1938, mixed term, which convened on 20 June, and which was presided over by the judge regularly assigned to hold the Spring Terms, 1938, of the Superior Court of Buncombe County, the court, upon further facts found and "in the exercise of its discretion and in the furtherance of justice," entered an order that the plaintiff's appeal to the Superior Court be reinstated, from which defendant F. W. Woolworth Company, appealed to the Supreme Court, and assigns error.

*Pritchard & James for plaintiff, appellee.*
*Parker, Bernard & Parker for defendant, appellant.*

WINBORNE, J.   The questions presented are: (1) Does the judge of Superior Court, after having dismissed an appeal from the general county court, have the authority, on motion of appellant made at the same term, to reinstate the appeal when the motion is not heard until the next succeeding term?

(2) When a regular spring term of Superior Court of a county begins in June and runs into July, does the presiding judge regularly assigned to hold the courts of the district in which such county is situated for the Spring circuit, have authority during such term to act as such after the month of June has expired? Both questions are answered "Yes."

(1) The general county court of Buncombe County was established in 1929 pursuant to the provisions of chapter 159 of Public Laws of

1929, which brought Buncombe County under and within the operation of the general statutes on the subject. Public Laws 1923, ch. 216, as amended by Public Laws, Extra Session 1924, ch. 85. *Jones v. Oil Co.,* 202 N. C., 328, 162 S. E., 741; *Grogg v. Graybeal,* 209 N. C., 575, 184 S. E., 85. The general statute provides in part that "appeals in civil actions may be taken from the general county court to the Superior Court of the county in term time for errors assigned as matters of law in the same manner as is now provided for appeals from the Superior Court to the Supreme Court . . ." C. S., 1608 (cc); Public Laws 1923, ch. 216, sec. 18; Public Laws, Extra Session 1924, ch. 85, sec. 24f; Public Laws 1929, ch. 159; Public Laws 1933, ch. 109; Public Laws 1937, ch. 84.

Under Rule 17 of the Rules of Practice in the Supreme Court (200 N. C., 816), if the appellant in a civil action shall fail to bring up and file transcript of record in accordance with the provisions thereof, the appellee may move to docket and dismiss the appeal. The motion will be allowed "with leave to the appellant, during the term, and after notice to the appellee, to apply for the redocketing of the case." *Mirror Co. v. Casualty Co.,* 157 N. C., 28, 72 S. E., 826.

In the instant case, upon the plaintiff filing motion at the same term for reinstatement of the appeal, the court acquired jurisdiction through the motion and could, in its discretion, pass upon the same at that or a subsequent term.

(2) On the second question it is sufficient to refer to pertinent statutes. C. S., 1446, provides: "The judge riding any spring circuit shall hold all the courts which fall between January and June, both inclusive, and the judge riding the fall circuit shall hold all the courts which fall between July and December, both inclusive."

C. S., 1443, reads in part: "Each county shall have the number of regular weeks of Superior Court as set out in this section (Public Laws 1913, chapters 63 and 196). . . . The Nineteenth District shall be composed of the following counties, and the Superior Courts thereof shall be held at the following times, to wit: Buncombe . . . the third Monday in June, to continue for two weeks, for the trial of both criminal and civil cases." Public Laws 1923, ch. 31.

The courts which "fall" between January and June, both inclusive, include any term which begins in June. The word "fall" in the ordinary sense in which it is used in the statute means "to come, or become; to occur; to arrive." The intention of the Legislature is manifest from a reading of the statute.

The judgment below is
Affirmed.