DANNY ROWLAND, BY HIS NEXT FRIEND, W. H. MESSER, v. DEWEY WILLIAM BEAUCHAMP.

(Filed 2 November, 1960.)

**1. Limitation of Actions § 11—**

In regard to the right of action of a minor to recover for personal injury negligently inflicted, the statute of limitations begins to run upon the appointment of a next friend for the special purpose of bringing such action. G.S. 1-52(5), G.S. 1-17, G.S. 1-64.

**2. Limitation of Actions § 1—**

Once the statute of limitations begins to run against an action, the statute continues to run against such action.

**3. Limitation of Actions § 12—**

Where an action instituted by a next friend to recover for the negligent injury of a minor is instituted within three years of the injury and is nonsuited, a new action may be instituted within one year of the judgment of nonsuit when the allegations in regard to the negligence are substantially the same in both actions, notwithstanding that the second action may be instituted by a different person acting as next friend, since under the provisions of G.S. 1-25 the second action is considered but a continuation of the first.

**4. Limitation of Actions § 16—**

Ordinarily the bar of a statute of limitations is a mixed question of law and fact, and may not be determined on motion to dismiss, but where all the facts with reference thereto are admitted, the question becomes a matter of law and can be raised by motion to dismiss.

**5. Courts § 7—**

The General County Court of Buncombe County has authority to dismiss an appeal from it to the Superior Court for failure on the part of appellant to perfect his appeal.

**6. Limitation of Actions § 12—**

Where appeal is taken from a county court to the Superior Court from judgment of involuntary nonsuit, but the appeal is not perfected, the judgment does not become final in the sense that it ends the action until judgment is entered dismissing the appeal, and a new action may be instituted within one year thereafter. G.S. 1-25.

**7. Same—**

G.S. 1-25 is an enabling statute extending the period of limitation, and should be liberally construed.

APPEAL by defendant from *Froneberger, J.,* June 1960 Civil Term, of BUNCOMBE.

Civil action to recover damages for personal injuries sustained on 18 February 1953 by plaintiff, Danny Rowland, who at that time was a child four years old and sues by his next friend, as a re-

sult of being struck by an automobile driven by defendant, heard on an appeal from a judgment of the General County Court of Buncombe County denying defendant's motion to dismiss plaintiff's action.

From a judgment of Judge Froneberger affirming the judgment of the General County Court of Buncombe County, and remanding the action to the General County Court of Buncombe County for further proceedings, defendant appeals to the Supreme Court.

*I. C. Crawford and Lawrence C. Stoker for plaintiff, appellee.*
*Van Winkle, Walton, Buck and Wall, By: Herbert L. Hyde for defendant, appellant.*

PARKER, J.   Defendant's motion to dismiss plaintiff's action was heard on 14 August 1959 by Burgin Pennell, Presiding Judge of the General County Court of Buncombe County. The parties stipulated that this court was duly organized and constituted according to law, and had jurisdiction of the parties and of the action. Judge Pennell in his judgment made findings of fact from facts stipulated by the parties and from the pleadings. Defendant has no exception to any of these findings of fact. The facts so found, so far as relevent to a decision of this appeal, are in summary, except as quoted:

On 18 February 1953, plaintiff Danny Rowland, a child four years of age, sustained personal injuries as a result of being struck by an automobile driven by defendant. On 2 November 1953 plaintiff by his duly appointed next friend, Mrs. Edna Rowland, his mother, instituted an action against defendant in the General County Court of Buncombe County for the recovery of damages for personal injuries suffered as above set forth. On 1 December 1954 the General County Court of Buncombe County dismissed plaintiff's action by a judgment of involuntary nonsuit. From this judgment plaintiff appealed to the Superior Court of Buncombe County. On motion of defendant, the General County Court of Buncombe County dismissed this appeal to the Superior Court by judgment entered on 15 November 1956, which judgment, after reciting that this case came on to be heard on defendant's motion that the appeal by plaintiff from the judgment of involuntary nonsuit entered on 1 December 1954 be dismissed, contains the following findings of fact: "The Court allowed plaintiff sixty days in which to serve case on appeal and allowed defendant forty days thereafter in which to serve counter-case, and adjudged appeal bond in the sum of $50.00 to be sufficient. Thereafter, plaintiff served case on appeal on defendant's counsel

on January 29, 1955, and thereafter defendant's counsel served exceptions on plaintiff's counsel on March 8, 1955. Appellee filed exceptions in the office of the Clerk of the General County Court on March 8, 1955, and appellant filed his case on appeal in the office of the General County Court on April 8, 1955. No further action was taken in said case with respect to said appeal, or otherwise, by either party until motion of the defendant for dismissal of the appeal, which was filed on the 19th day of September 1956." Whereupon, the court concluded as a matter of law that the appellant had failed to comply with the provisions of G.S. 7-295, as well as other applicable provisions of the statutory law of North Carolina with respect to said appeal, and entered judgment dismissing the appeal. Plaintiff did not except to this judgment.

On 13 November 1957, W. H. Messer, grandfather of plaintiff, was duly appointed his next friend, and instituted the present action in the General County Court of Buncombe County by the issuance of summons on the day of his appointment, which summons was served on defendant 14 November 1957. The allegations in each of plaintiff's complaints are substantially identical. In the instant action defendant filed a verified answer in which he pleads as a bar to plaintiff's action the three-year statute of limitations, G.S. 1-52(5), and the provisions of G.S. 1-25 — New action within one year after nonsuit, etc.

Judge Pennell in his judgment made the following conclusions of law:

"1. The present action was commenced more than three (3) years after the appointment of a next friend for plaintiff on November 2, 1953, and more than three (3) years after the institution of the original action by said next friend on November 2, 1953.

"2. That when the present action was instituted more than one year had elapsed since a judgment of involuntary nonsuit was entered by this Court on the 1st day of December, 1954.

"3. That when the present action was instituted less than one year had elapsed since the entry by this Court on November 15, 1956, of the judgment dismissing appeal from said judgment of involuntary nonsuit.

"4. That the language of G.S. 1-25 'The plaintiff is non-suited or judgment therein reversed on appeal, or is arrested.' includes within its meaning the judgment of dismissal of the appeal of the plaintiff, dated November 15th, 1956 from the judgment of nonsuit entered by this Court on the 1st day of December 1954."

Whereupon, Judge Pennell entered judgment denying defendant's motion to dismiss plaintiff's action.

From this judgment defendant appealed to the Superior Court of Buncombe County assigning as errors the court's conclusion of law number four, its refusal to sign the judgment tendered by defendant, and its signing of the judgment entered.

When this appeal came on to be heard by Judge Froneberger in the Superior Court, he entered judgment overruling all of defendant's assignments of error, affirming the judgment of the General County Court of Buncombe County, and remanding the case to that court for further proceedings.

Defendant appealed to the Supreme Court, and his assignments of error to this Court are the same as were his assignments of error to the Superior Court.

G.S. 1-52(5) provides that an action for personal injuries must be brought within three years. When plaintiff's cause of action accrued, he was under the disability of infancy.

G.S. 1-17 provides that a person entitled to commence an action, with exceptions not pertinent here, who is at the time the cause of action accrued an infant, "may bring his action within the times herein limited, after the disability is removed, . . . , when he must commence his action, . . . , within three years next after the removal of the disability, and at no time thereafter."

G.S. 1-64 states that an infant may sue by his general or testamentary guardian or by his next friend.

In North Carolina, contrary it seems to the general rule in most jurisdictions, the rule, except in suits for realty where the legal title is in the ward, is that the statute of limitations runs against an infant as to all rights of action, "which the guardian might bring and which it was incumbent on him to bring, in so far as may be consistent with the limitations of his office." *Johnson v. Insurance Co.,* 217 N.C. 139, 7 S.E. 2d 475, 128 A.L.R. 1375; Annos. 6 A.L.R. 1689 *et seq.,* and 128 A.L.R. 1379 *et seq.*

This Court said in *Johnston County v. Ellis,* 226 N.C. 268, 38 S.E. 2d 31: "In 27 Am. Jur., p. 839, sec. 118, is a summarized expression of the law as we conceive it to be here: 'The next friend has full power to act for the purpose of securing the infant's rights, and may do all things that are necessary to this end, although his power is strictly limited to the performance of the precise duty imposed upon him by law.' *Roberts v. Vaughn,* 142 Tenn., 316, 219 S.W., 1034, 9 A.L.R., 1528."

Plaintiff's next friend, his mother, was duly appointed on 2 No-

vember 1953 to bring an action for plaintiff for damages for personal injuries, and she instituted such an action against the defendant the same day. It would seem that under the rule adopted in this jurisdiction as to the running of the statute of limitations against an infant who has a general or testamentary guardian, the statute of limitations began to run against the infant here upon the appointment of his mother as next friend for the special purpose of bringing an action for him to recover damages for personal injuries. See also *Lineberry v. Mebane,* 219 N.C. 257, 13 S.E. 2d 429.

It is stated in *Mebane v. Patrick,* 46 N.C. 23: ". . . ; so that it has grown into a legal adage, 'When the statute begins to run, it continues to run.' " It is said in *Frederick v. Williams,* 103 N.C. 189, 9 S.E. 298: "It is well settled that, when the statute of limitations begins to run, nothing stops it." What was said in *Mebane v. Patrick* is quoted in *In re Will of Evans,* 209 N.C. 828, 184 S.E. 818.

The record does not disclose why another next friend was appointed for plaintiff. The present action was instituted after plaintiff's first action was nonsuited and more than three years after the appointment of plaintiff's mother as his next friend, and is barred by the three-year statute of limitations, unless it is saved by the provisions of G.S. 1-25, which reads as follows: "If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought in *forma pauperis.*" The original action was brought in *forma pauperis.*

This Court said in *Keener v. Goodson,* 89 N.C. 273: "The statute allowing actions to be brought within a year after judgment of nonsuit, was intended to extend the period of limitation, but not to abridge it."

"The time is extended because the new action is considered as a continuation of the former action and they must be substantially the same, involving the same parties, the same cause of action and the same right, and this must appear from the record in the case and cannot be shown by oral testimony." McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. 1, sec. 312. This is quoted in *Goodson v. Lehmon,* 225 N.C. 514, 35 S.E. 623. The record here shows that plaintiff's second action is substantially the same as his first action was, involving the same parties, (*George v. High,* 85 N.C. 113), the

same cause of action, and the same right, and this appears from the record in the case.

In *Trull v. R. R.*, 151 N.C. 545, 66 S.E. 586, it is said: ". . . the time within which a new action may be commenced after a nonsuit, etc., is a statute of limitations."

"Ordinarily, the bar of the statute of limitations is a mixed question of law and fact." *Currin v. Currin*, 219 N.C. 815, 15 S.E. 2d 279. And ordinarily, the plea that plaintiff's action is barred by the statute of limitations will not be considered on a motion to dismiss. *Oldham v. Rieger*, 145 N.C. 254, 58 S.E. 1091; *Reid v. Holden*, 242 N.C. 408, 88 S.E. 2d 125. But where the statute of limitations is properly pleaded, as here, and all the facts with reference thereto are admitted, as here, the question of limitations becomes a matter of law and can be raised by a motion to dismiss. *Reid v. Holden, supra; Mobley v. Broome*, 248 N.C. 54, 102 S.E. 2d 407.

Appellant states in his brief, "the principal question to be decided by this Court, simply put, is whether the benefits of G.S. 1-25 should apply in this case."

The question to be decided is this: When all the relevant facts are admitted, did the judgment of involuntary nonsuit dismissing plaintiff's first action become final in the sense that it ends the action within the intent and meaning of G.S. 1-25 when it was entered in the General County Court of Buncombe County on 1 December 1954, or when plaintiff's appeal from such judgment to the Superior Court was dismissed by judgment of the General County Court of Buncombe County on 15 November 1956 on motion of defendant for plaintiff's failure to perfect his appeal, from which judgment plaintiff did not appeal?

The General County Court of Buncombe County had authority to dismiss plaintiff's appeal to the Superior Court for failure on plaintiff's part to perfect it. *Grogg v. Graybeal*, 209 N.C. 575, 184 S.E. 85; *West v. Woolworth Co.*, 214 N.C. 214, 198 S.E. 659; *Pruitt v. Wood*, 199 N.C. 788, 156 S.E. 126. See G.S. 1-287.1, which was enacted by the 1959 General Assembly.

This Court in construing section 166 of the Code, (now G.S. 1-25), in *Webb v. Hicks*, 125 N.C. 201, 34 S.E. 395 (denying a rehearing of the case 123 N.C. 244, 31 S.E. 479) held that where a judgment of dismissal was affirmed on plaintiff's appeal (116 N.C. 598, 21 S.E. 672), and a new action was begun within one year after the final judgment of the lower court dismissing the prior action on a certified opinion of the Supreme Court, but more than one year after

such opinion was filed, the new action was not barred by section 166 of the Code, since the one year within which the action may be commenced should be computed from the date of the final judgment of dismissal in the Superior Court in accordance with the Supreme Court's certified opinion, rather than from the date such opinion was filed. In its opinion, the Court said: "This seems to be in harmony with the spirit of this enabling statute, which should receive a liberal construction." See also *Tussey v. Owen,* 147 N.C. 335, 61 S.E. 180.

In *Adams v. St. Louis-San Francisco R. R.,* 326 Mo. 1006, 33 S.W. 2d 944, 83 A.L.R. 474, the Court held as stated in the A.L.R. headnote: "One who has taken an appeal from a judgment of involuntary nonsuit does not, until such appeal has been determined, suffer a nonsuit within the meaning of a statute permitting the institution of a second action within one year after a nonsuit has been suffered, even though he did not give an appeal bond." The Court said: "When a judgment of nonsuit has been appealed from, the nonsuit does not become final, in the sense that it ends the lawsuit, until the appeal, taken with or without appeal bond, has been disposed of consistently with such judgment." See Annotation 83 A.L.R., p. 478 *et seq.,* where many cases are analyzed in respect to termination of prior action. See also Annos. 77 A.L.R. 496-7, 86 A.L.R. 1051-2; 34 Am. Jur., Limitation of Actions, sec. 282; 54 C.J.S., Limitations of Actions, p. 351. The cases in the various jurisdictions are not uniform.

Plaintiff suffered no final termination of his first action in the sense that it ended the action so long as his appeal from the judgment of involuntary nonsuit was pending, even though he failed to perfect it. When the time to perfect plaintiff's appeal had elapsed and he had not done so, defendant could have moved to dismiss it. But he chose not to do so until 19 September 1956. Following the statement in *Webb v. Hicks, supra,* that what is now G.S. 1-25 is an enabling statute and should be liberally construed, we are of the opinion, and so hold, that the judgment of involuntary nonsuit of plaintiff's first action became final in the sense that it ended the action, when the appeal was dismissed on 15 November 1956, and plaintiff had one year thereafter to commence a new action. His new action, the instant case, was instituted on 13 November 1957, and is saved by G.S. 1-25.

All defendant's assignments of error are overruled. The judgment below is

Affirmed.