JAMES EDWARD TEELE v. CLAYBORNE K. KERR and LUTHER W. KERR.

(Filed 17 January 1964.)

**1. Limitation of Actions § 18—**

Where all of the relevant facts are admitted, the question of the bar of a properly pleaded statute of limitations is a question of law.

**2. Judgments § 43—**

The cause of action is merged in the judgment rendered therein, and the judgment is a debt of record so that an action on the judgment is a new action on a debt separate and distinct from the original cause of action.

**3. Guardian and Ward § 3;  Infants §§ 5, 6—**

. The powers of a next friend or a guardian *ad litem,* as distinguished from a general guardian, are coterminous with the beginning and ending of the prosecution of the particular suit in which he is appointed so that the entry of judgment renders him *functus officio,* and he is not authorized to receive payment of the judgment for the minor. G.S. 1-64.

**4. Judgments § 43—**

Where judgment is recovered in favor of an infant in an action brought . by the next friend, the infant having no general guardian, the ten year limitation on an action on the judgment, G.S. 1-47(1), begins to run when the infant reaches his majority. G.S. 1-17.

. APPEAL by defendant, Clayborne K. Kerr, from *Carr, J.,* March 1963 Civil Session of DURHAM.

Action to renew a judgment.

These facts are either stipulated or established by the record proper: Plaintiff was born on October 25, 1938 in Durham County. He was struck by an automobile driven by the defendant on March 13, 1946 when he was seven years old. Thereafter, on August 25, 1947, the Clerk of the Superior Court of Durham County duly appointed plaintiff's father, James Henry Teele, as his next friend to bring an action against the defendant to recover for plaintiff's personal injuries. He instituted the action on the same day. At the April 1948 Civil Term of the Superior Court of Durham County a judgment was rendered in favor of the plaintiff and against the defendant Clayborne K. Kerr in the amount of $1,177.83. This judgment was docketed on April 19, 1948 when the plaintiff was nine years old. No part of this judgment has ever been paid. On October 25, 1959 plaintiff attained his majority. On February 28, 1962 he instituted this action to renew the judgment. By answer, the defendant plead the ten-year statute of limitations, G.S. 1-47(1), in bar of plaintiff's right to maintain the action. Upon the trial the jury found that the plaintiff's action was not barred by the statute of limitations and that defendant was indebted to the plaintiff in the amount of $1,177.83 with interest from April 19, 1948. From judgment entered on the verdict, defendant Clayborne K. Kerr appealed.

*Bryant, Lipton, Bryant & Battle for plaintiff appellee.*
*Blackwell M. Brogden for Clayborne K. Kerr defendant appellant.*

SHARP, J.   Where the statute of limitations is properly pleaded, and all the facts with reference to it are admitted, the question whether it constitutes a bar becomes a matter of law. *Mobley v. Broome,* 248 N.C. 54, 102 S.E. 2d 407. This appeal presents one question: Does the statute limiting the time to bring an action on a judgment to ten years from the date of its rendition, begin to run as against an infant where the judgment was procured on his behalf by a next friend appointed for that purpose? If the answer to this question is NO, G.S. 1-17 would permit the plaintiff to bring an action on the judgment secured when he was nine years old within the time limited by G.S. 1-47(1), i.e., ten years, after he became twenty-one years old.

. To answer this question we must first consider the nature of an action upon a judgment. "When a judgment is obtained, the precedent cause of action is merged into and extinguished by the judgment. 2 Black, Judgm. §§ 674, 675, 677; Freem. Judgm. §§ 215, 216. The judgment is a debt of record,—a new cause of action,—upon which a new suit may be maintained." *Williams v. Merritt,* 109 Ga. 213, 34 S.E. 312.

In *Reid v. Bristol*, 241 N.C. 699, 86 S.E. 2d 417, it was pointed out by *Bobbitt, J.* that in this State, since 1866, if not before, the only way to secure a judgment on a judgment was by an independent action commenced as is every action to recover judgment on a debt. Hence the suit instituted by plaintiff on February 28, 1962 on the judgment was a new action on a debt; it was separate and distinct from the personal injury suit in which it had been obtained on April 19, 1948.

The next question is whether the authority and duties of a next friend terminate when he reduces plaintiff's claim to judgment or whether his authority continues to collect the judgment and to bring an action on it for that purpose if necessary. If the authority of a next friend terminates with the judgment, plaintiff may maintain this action; if, however, it continues, he may not. *Rowland v. Beauchamp*, 253 N.C. 231, 116 S.E. 2d 720.

It is the rule in North Carolina that, except in suits for realty where the legal title is in the ward, the statute of limitations begins to run against an infant who is represented by a general guardian as to any action which the guardian could or should bring, at the time the cause of action accrues. If he has no guardian at that time, the statute begins to run upon the appointment of a guardian or upon the removal of his disability as provided in G.S. 1-17 whichever occurs first. *Trust Co. v. Willis*, 257 N.C. 59, 125 S.E. 2d 359.

There is, however, a vast difference between the authority of a general guardian and a next friend. A guardian is authorized by G.S. 30-20 to take possession of all his estate for the use of his ward and to bring *all* necessary actions therefor. G.S. 1-64 merely authorizes infant plaintiffs without a general guardian to appear by their next friend when it is necessary for them to prosecute an action. The power of a next friend is strictly limited to the performance of the precise duty imposed upon him by the order appointing him, that is, the prosecution of the particular action in which he was appointed. It is his duty to represent the infant, see that the witnesses are present at the trial of the infant's case, and to do all things which are required to secure a judgment favorable to the infant. *Roberts v. Vaughn*, 142 Tenn. 361, 219 S.W. 1034, 9 A.L.R. 1528. When he has done that, his authority in the suit is at an end unless some attack should be made upon the judgment by motion in the cause.

In the absence of a special statute it is the general rule that the next friend of an infant has no authority to receive payment of the judgment he has secured for the infant. "Either or both of two reasons are given for this rule. First, the duties of the next friend or guardian *ad litem* are coterminous with the beginning and end of the prosecution of

the suit, so that upon entry of final judgment he has no further interest in the case. Second, payment to the next friend or guardian *ad litem* might result in the loss of the benefit of the recovery, since a bond is not ordinarily required of him in prosecuting the action." 27 Am. Jur., *Infants* § 134; *Paskewie v. East St. L. & S. Ry. Co.*, 281 Ill. 385, 117 N.E. 1035, L.R.A. 1918 C. 52. Under our statutes only the clerk or the legal guardian of an infant has authority to receive payment and satisfy a judgment rendered in favor of an infant. G.S. 1-39. See *Tate v. Mott*, 96 N.C. 19, 2 S.E. 176. In practice, the defendant pays the judgment to the Clerk of the Superior Court who holds the funds until the minor becomes twenty-one or until a general guardian is appointed for him unless the sum is $1,000.00 or less when he may disburse it himself under the terms of G.S. 2-53.

The status, function, and authority of a next friend of a minor were reviewed in *Johnston County v. Ellis*, 226 N.C. 268, 38 S.E. 2d 31. In that case E. was appointed next friend to act for his minor brothers and sisters, movants in a tax foreclosure action to set aside a tax foreclosure. Thereafter the mortgagee also intervened and filed a similar motion. A judgment was entered setting aside all orders and decrees made in the case as well as the deed to the purchaser. Ten months later, without notice to the next friend, the Clerk of the Superior Court determined the amount due on the mortgage, entered judgment for it against the owners of the land, including the minors, and appointed a commissioner to sell the land under the mortgage. Approximately ten years later the minors, having become of age, moved to set aside this judgment and the sale made under it. The Superior Court denied the motion; the Supreme Court reversed, saying:

"A next friend is not an all-time and all-purpose representative through whose action or failure to act his infant suitors may be bound by orders and judgments which have no connection with the purpose of his appointment, or the rights of the minors which by virtue of such appointment it is his office to assert. The scope of his representation lies within and is determined by that purpose, the necessities of its prosecution and the procedure reasonably incident thereto. In 27 Am. Jur., p. 839, sec. 118, is a summarized expression of the law as we conceive it to be here: 'The next friend has full power to act for the purpose of securing the infant's rights, and may do all things that are necessary to this end, although his power is strictly limited to the performance of the precise duty imposed upon him by law.' *Roberts v. Vaughn*, 142 Tenn., 316, 219 S.W., 1034, 9 A.L.R., 1528. No doubt in the

assertion of such right the next friend may have to defend against incidental or opposing rights, such as offsets, counterclaims, or other defenses or demands connected with the original claim.

"The next friend came into the tax suit for the purpose of making a motion to set aside a judgment and annulling a deed in the tax suit, in which the minors were admittedly equitable owners of the property and at the time unrepresented. His appointment did not require him to defend against the foreclosure suit thrust into this proceeding in the manner stated, and his representation of the minors in that matter did not legally exist.

"Moreover, the record discloses that Ellis had successfully accomplished his mission as next friend, performed all the duty imposed upon him by law, and his office as next friend had become *functus officio.* If the holder of the mortgage desired to foreclose, it was necessary to do so in an orderly proceeding, instituted for that purpose, and to secure the appointment of a guardian *ad litem* to defend the owners of the equitable estate."

The reasoning of the language quoted above is applicable to this case. We hold that the authority of plaintiff's next friend in the personal injury case ended on April 19, 1948 and that this suit, instituted on the judgment obtained in the former action, is a new and independent action. The plaintiff, having instituted it within ten years after reaching his majority, is entitled to maintain it.

This holding does not impinge upon any statement in *Rowland v. Beauchamp, supra,* as defendant contends. *Rowland* involved a question of the application of the statute of limitations to the specific action which the next friend was appointed by the court to bring. The instant case is a new and independent action; hence, *Rowland* is inapplicable.

The judgment of the lower court is
Affirmed.