Justice BEASLEY dissenting.
**474 The majority engages in judicial interpretation of a clear and unambiguous statute, N.C.G.S. § 1-17(b), to reach a result that is contrary to its plain language. I would hold that the plain language of N.C.G.S. § 1-17(b) dictates that plaintiff's claim is timely, and the unanimous decision of the Court of Appeals below should be upheld. Accordingly, I respectfully dissent.
While the general limitations period applicable to professional negligence claims is three years, N.C.G.S. § 1-15(c) (2017), this case is controlled by the more specific provision addressing the time period within which professional negligence claims "may be brought" "on behalf of a minor," id. § 1-17(b) (2017). Subsection 1-17(b) provides, in relevant part:
Notwithstanding the provisions of subsection (a) of this section , ... an action on behalf of a minor for malpractice arising out of the performance of or failure to perform professional services shall be commenced within the limitations of time specified in [N.C.]G.S. [§] 1-15(c), except that if those time limitations expire before the minor attains the full age of 19 years, the action may be brought before the minor attains the full age of 19 years .
Id. § 1-17(b) (emphases added).[1] The statute's language could not be more clear. The *852 provision allows a minor plaintiff injured by the professional negligence of another to bring a claim at any time "before the minor attains the full age of 19 years." Id. There is no proviso in subsection 1-17(b) allowing for a different result in the event that the minor is appointed a guardian ad litem (GAL) or if the minor files suit but elects to take a voluntary dismissal without prejudice under N.C.G.S. § 1A-1, Rule 41(a)(1).
Despite the clear, unambiguous language used by the legislature, the majority concludes-without citation to authority-that "[r]emoval of **475 the disability [of minority] ... by appointment of a GAL triggers the running of the statute of limitations," and that subsections 1-17(a) and (b) "requir[e] [that the minor's claim] be brought within the time specified by N.C.G.S. § 1-15(c) after the disability is removed." In doing so, the majority grafts additional terms onto subsection 1-17(b) that stem from provisions of general applicability : N.C.G.S. § 1-15(c) and N.C.G.S. § 1-17(a). See First-Citizens Bank & Tr. v. Willis , 257 N.C. 59, 62, 125 S.E.2d 359, 361 (1962) (interpreting the general disability tolling provision of N.C.G.S. § 1-17 as it existed at the time); see also Teele v. Kerr , 261 N.C. 148, 150, 134 S.E.2d 126, 128 (1964) (same); Johnson v. Pilot Life Ins. Co. , 217 N.C. 139, 143-44, 7 S.E.2d 475, 477-78 (1940) (same). The majority's reasoning is sound when applied to a minor's cause of action that does not fall within the scope of N.C.G.S. § 1-17(b). See Rowland v. Beauchamp , 253 N.C. 231, 234-35, 116 S.E.2d 720, 722-23 (1960). But the plain language of subsection 1-17(b) is not susceptible to this interpretation.
Subsection 1-17(b) begins by directing the reader to disregard the provisions of general applicability from subsection 1-17(a) which would require a minor plaintiff to bring her cause of action within three years "after the removal of the disability." See N.C.G.S. § 1-17(b) ("Notwithstanding the provisions of subsection (a) of this section. ..."); see also Notwithstanding , Black's Law Dictionary (10th ed. 2014) (defining "[n]otwithstanding" as "Despite; in spite of"). Additionally, N.C.G.S. § 1-15, describing the generally applicable three-year limitations period for professional negligence actions, states that "[c]ivil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute ." N.C.G.S. § 1-15(a) (2017) (emphasis added). Subsection 1-17(b) prescribes a "different limitation" for the "special cases" of professional negligence actions brought on behalf of minors. "Where the language of a [statute] is clear and unambiguous, there is no room for judicial construction and the courts must give [the statute] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." State v. Camp , 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) (quoting 7 Strong's North Carolina Index 2d: Statutes § 5, at 77 (1968) (footnotes omitted) ); see also Ernest Bruncken, Interpretation of the Written Law , 25 Yale L.J. 129, 130 (1915) ("[T]he actual intention of the legislat[ure] is quite immaterial [to a plain reading construction]; what matters is the way in which [legislators] ha[ve] actually expressed [their] intention. We must look to the wording of the statute, and to that alone."). Further,
**476 [w]here there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute , according to the authorities on the question, unless it appears that the legislature intended to make the general act controlling; and this is true a fortiori when the special act is *853 later in point of time, although the rule is applicable without regard to the respective dates of passage.
Nat'l Food Stores v. N.C. Bd. of Alcoholic Control , 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966) (emphasis added) (quoting 82 C.J.S. Statutes § 369, at 839-43 (1953) (second italics added) (footnotes omitted) ). Here, the later enacted, more specific provision of subsection 1-17(b) controls over the general provisions of subsections 1-17(a) and 1-15(c).
According to the plain language of subsection 1-17(b), "the action may be brought before the minor attains the full age of 19 years." N.C.G.S. § 1-17(b). This action was brought before plaintiff's nineteenth birthday. Thus, the decision of the Court of Appeals is correct and should be affirmed.
Justices HUDSON and MORGAN join in this dissenting opinion.

All parties to this appeal, the Court of Appeals, and the majority agree that the General Assembly's addition of N.C.G.S. § 1-17(c) became effective 1 October 2011 and does not apply to plaintiff's claim because the actions upon which plaintiff's claim is based occurred prior to that date. See Act of June 13, 2011, ch. 400, sec. 9, 2011 N.C. Sess. Laws 1712, 1716 (captioned "An Act to Reform the Laws Relating to Money Judgment Appeal Bonds, Bifurcation of Trials in Civil Cases, and Medical Liability") (codified as amended at N.C.G.S. § 1-17 (2017) ). However, the majority's interpretation of N.C.G.S. § 1-17(b) would apply with equal force to the amended statute to which the majority refers, N.C.G.S. § 1-17(c)(1) (2017).