IN THE SUPREME COURT OF NORTH CAROLINA

No. 382PA16

Filed 2 March 2018

DESIREE KING, by and through her Guardian ad Litem, G. ELVIN SMALL, III, and AMBER M. CLARK, Individually

v.

ALBEMARLE HOSPITAL AUTHORITY d/b/a ALBEMARLE HEALTH/ ALBEMARLE HOSPITAL, SENTARA ALBEMARLE REGIONAL MEDICAL CENTER, LLC d/b/a SENTARA ALBEMARLE MEDICAL CENTER, NORTHEASTERN OB/GYN, LTD., BARBARA ANN CARTER, M.D., and ANGELA McWALTER, CNM

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 791 S.E.2d 662 (2016), reversing an order entered on 27 July 2015 by Judge Cy A. Grant in Superior Court, Pasquotank County, and remanding the case for further proceedings. Heard in the Supreme Court on 8 November 2017.

*Hammer Law, PC, by Amberley G. Hammer; and Ashcraft & Gerel, LLC, by Wayne M. Mansulla, pro hac vice, for plaintiff-appellee King.*

*Harris, Creech, Ward and Blackerby, P.A., by Jay C. Salsman and Charles E. Simpson, Jr., for defendant-appellants Albemarle Hospital Authority and Sentara Albemarle Regional Medical Center, LLC.*

*Smith Anderson Blount Dorsett Mitchell & Jernigan LLP, by Samuel G. Thompson and Robert E. Desmond, for defendant-appellants Northeastern OB/GYN, Ltd., Barbara Ann Carter, M.D., and Angela McWalter, CNM.*

*Tin, Fulton, Walker & Owen, by Adam Stein; and Whitley Law Firm, by Ann C. Ochsner, for North Carolina Advocates for Justice, amicus curiae.*

NEWBY, Justice.

In this case we decide whether the appointment of a guardian *ad litem* on behalf of a minor removes the disability of minority and starts the running of the statute of limitations. As a minor's legal representative with the authority and directive to act, a guardian *ad litem* advocates for the legal rights of the minor in the minor's stead. The trial court's appointment of a guardian *ad litem* on behalf of a minor therefore removes that minor's disability of minority and starts the running of the statute of limitations. The statute of limitations continues to run even if the guardian *ad litem* files and then dismisses a legal action. Because a court-appointed guardian *ad litem* has the duty to pursue the minor's claim within the statute of limitations, a failure to do so time bars the claim. Accordingly, we reverse the decision of the Court of Appeals.

Plaintiff was born on 4 February 2005. Obstetrician Barbara Ann Carter, M.D. (Carter) and nurse midwife Angela McWalter, CNM (McWalter) managed the birth. Soon after, medical staff discovered plaintiff had sustained a brain injury during delivery. Almost three years later, on 10 January 2008, upon motion the trial court appointed a guardian *ad litem* (GAL), G. Elvin Small, III, for plaintiff for the purpose of bringing a civil action on her behalf. The same day, plaintiff, by and through her GAL, filed an action against Carter and Albemarle Hospital Authority (Hospital Authority) alleging plaintiff's brain injury resulted from medical negligence. For

undisclosed reasons, on 31 October 2008, the GAL voluntarily dismissed the action under Rule of Civil Procedure 41(a)(1).

Over six years later, on 30 January 2015, the trial court again granted a motion to appoint the same GAL to represent plaintiff "for the purpose of commencing a civil action on her behalf." The same day, plaintiff, by and through the GAL, filed the present action, again alleging medical negligence but, in addition to the Hospital Authority and Carter, naming other defendants, including McWalter and the Hospital Authority's successor corporation, Sentara Albemarle Regional Medical Center, LLC. The trial court dismissed plaintiff's claims as time barred on 27 July 2015, applying the three-year statute of limitations for medical malpractice claims.

Plaintiff appealed to the Court of Appeals, arguing that the plain language of N.C.G.S. § 1-17(b) tolled the statute of limitations period until 4 February 2024 when plaintiff reaches the age of nineteen. *See* N.C.G.S. § 1-17(b) (2009) (tolling certain limitations periods if a claim accrues when a plaintiff is under a disability). The Court of Appeals agreed and determined that, despite having had a court-appointed GAL, plaintiff's minority status constituted a disability that triggered the tolling provision of subsection 1-17(b). *King v. Albemarle Hosp. Auth.*, ___ N.C. App. ___, 791 S.E.2d 662, 2016 WL 4608188 (2016) (unpublished). Under the Court of Appeals' interpretation of subsection 1-17(b), the appointment of the GAL did not remove plaintiff's disability of minority, allowing plaintiff the same nineteen-year statute of

limitations as a plaintiff for whom the trial court had not appointed a GAL. *King*, 2016 WL 4608188, at *3.[1] We allowed defendants' petition for discretionary review.

The question presented here is whether plaintiff filed the current action within the statute of limitations. Subsection 1-15(c) establishes the standard three-year statute of limitations for medical malpractice actions. N.C.G.S. § 1-15(c) (2017). Once a defendant properly raises a statute of limitations defense, the plaintiff must show that she initiated the action within the applicable time period. *Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996) (citation omitted). "We have long recognized that a party must initiate an action within a certain statutorily prescribed period after discovering its injury to avoid dismissal of a claim." *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, ___ N.C. ___, ___, 802 S.E.2d 888, 891 (2017).

"The purpose of a statute of limitations is to afford security against stale demands, not to deprive anyone of his just rights by lapse of time." *Id.* at ___, 802 S.E.2d at 891 (quoting *Shearin v. Lloyd*, 246 N.C. 363, 371, 98 S.E.2d 508, 514 (1957), *superseded by statute*, N.C.G.S. § 1-15(b) (1971), *on other grounds as recognized in Black v. Littlejohn*, 312 N.C. 626, 630-31, 325 S.E.2d 469, 473 (1985)). "This security

---

[1] The Court of Appeals also held that, even though here plaintiff refiled the suit six years after the first voluntary dismissal under Rule 41 of the Rules of Civil Procedure, well outside of the one-year refiling deadline specified by the Rule, only a second voluntary dismissal under Rule 41 by plaintiff would result in an adjudication on the merits. *Id.* (citing N.C.G.S. § 1A-1, Rule 41(a) (2015)).

must be jealously guarded, for '[w]ith the passage of time, memories fade or fail altogether, witnesses die or move away, [and] evidence is lost or destroyed.' " *Id.* at \_\_\_, 802 S.E.2d at 891 (Alterations in original) (quoting *Estrada v. Burnham*, 316 N.C. 318, 327, 341 S.E.2d 538, 544 (1986), *superseded by statute*, N.C.G.S. § 1A-1, Rule 11(a) (Cum. Supp. 1988), *on other grounds as stated in Turner v. Duke Univ.*, 325 N.C. 152, 163-64, 381 S.E.2d 706, 712-13 (1989)). "[I]t is for these reasons, and others, that statutes of limitations are inflexible and unyielding and operate without regard to the merits of a cause of action." *Id.* at \_\_\_, 802 S.E.2d at 891-92 (quoting *Estrada*, 316 N.C. at 327, 341 S.E.2d at 544).

Balanced against the disadvantage of stale claims as protected by the statute of limitations is the problem that individuals under certain disabilities are unable to appreciate the nature of potential legal claims and take the appropriate action. Section 1-17 tolls certain statutes of limitation periods while a plaintiff is under a legal disability, such as minority, that impairs her ability to bring a claim in a timely fashion. The version of section 1-17 relevant here provides in part:

> (a) A person entitled to commence an action who is under a disability at the time the cause of action accrued may bring his or her action within the time limited in this Subchapter, after the disability is removed . . . within three years next after the removal of the disability, and at no time thereafter.
>
> . . . .
>
> (b) Notwithstanding the provisions of subsection (a) of this section, an action on behalf of a minor for

malpractice arising out of the performance of or failure to perform professional services shall be commenced within the limitations of time specified in G.S. 1-15(c), except that if those time limitations expire before the minor attains the full age of 19 years, the action may be brought before the minor attains the full age of 19 years.

N.C.G.S. § 1-17(a), (b) (2009).

Subsection 1-17(a) contains many general provisions which address the applicability of this tolling provision, including the definition of "disability." *See id.* § 1-17(a)(1)-(3). Assuming a person is "under a disability at the time the cause of action accrue[s]," the statute requires the person to bring the cause of action within the time specified "after the disability is removed." *Id.* § 1-17(a). The disability of minority can be removed by the appointment of a GAL or by the passage of time, whichever occurs first. Thus, under subsection 1-17(a), a minor plaintiff who continues under the disability of minority, upon reaching the age of eighteen, has a three-year statute of limitations to bring a claim based on a general tort. *See id.* § 1-17(a)(1).

Whereas the tolling provision of subsection (a) focuses on general torts, the tolling provision of subsection (b) specifically addresses professional negligence claims, including medical malpractice. *Id.* § 1-17(b). As with general torts, when a medical malpractice claim accrues while a plaintiff is a minor, N.C.G.S. § 1-17(b) tolls the standard three-year statute of limitations provided by N.C.G.S. § 1-15(c). *Id.* Section 1-17(b), however, reduces the standard three-year statute of limitations, after

a plaintiff reaches the age of majority, to one year by requiring a filing before the age of nineteen.[2]  *Id.*  Thus, a minor plaintiff who continues under that status until age eighteen has one year to file her claim.  *Id.*  The language of "Notwithstanding the provisions of subsection (a)" refers to this reduced time period to bring an action.  *Id.* Like subsection (a), subsection (b) still allows the minor to reach adulthood before requiring her to pursue her medical malpractice claim, assuming her disability is otherwise uninterrupted.  *Compare id.* § 1-17(a), *with id.* § 1-17(b).  Removal of the disability either by reaching the age of majority or by appointment of a GAL triggers the running of the statute of limitations.

---

[2] Effective 1 October 2011, the General Assembly amended this section to reduce the minor's age from nineteen to ten years, *see* Act of June 13, 2011, ch. 400, sec. 9, 2011 N.C. Sess. Laws 1712, 1716 (captioned "An Act to Reform the Laws Relating to Money Judgment Appeal Bonds, Bifurcation of Trials in Civil Cases, and Medical Liability") (codified as amended at N.C.G.S. § 1-17 (2017)), thus further narrowing the time period for a minor to pursue a medical malpractice claim.  Currently, section 1-17 of the General Statutes includes the following pertinent language in subsection (c):

> Notwithstanding the provisions of subsection (a) and (b) of this section, an action on behalf of a minor for injuries alleged to have resulted from malpractice arising out of a health care provider's performance of or failure to perform professional services shall be commenced within the limitations of time specified in G.S. 1-15(c), except as follows:
>
> > (1) If the time limitations specified in G.S. 1-15(c) expire before the minor attains the full age of 10 years, the action may be brought any time before the minor attains the full age of 10 years.

N.C.G.S. § 1-17(c)(1) (2017).

This statutory interpretation comports with our long-standing jurisprudence: When the trial court appoints a GAL for the purpose of pursuing a minor plaintiff's legal claim, it removes the minor's disability and begins the running of the statute of limitations.

> In North Carolina the rule is that the statute of limitations begins to run against an infant . . . who is represented by a [court-appointed] guardian at the time the cause of action accrues. If he has no guardian at that time, then the statute begins to run upon the appointment of a guardian or upon the removal of his disability as provided by G.S. 1-17, whichever shall occur first.

*First-Citizens Bank & Tr. v. Willis*, 257 N.C. 59, 62, 125 S.E.2d 359, 361 (1962) (citation omitted); *see also Teele v. Kerr*, 261 N.C. 148, 150, 134 S.E.2d 126, 128 (1964) (The appointment of a guardian who acts as a legal representative starts "the statute of limitations . . . as to any action which the guardian could or should bring, at the time the cause of action accrues." (citing *First-Citizens Bank*, 257 N.C. 59, 125 S.E.2d 359)); *Johnson v. Pilot Life Ins. Co.*, 217 N.C. 139, 144, 7 S.E.2d 475, 478 (1940) ("Exposure to a suit by the guardian—one which was within the scope of both his authority and duty—for a sufficient length of time, would constitute a bar to the action of the ward."); *Tate v. Mott*, 96 N.C. 19, 24, 2 S.E. 176, 178 (1887) ("When an infant thus brings his action, the Court has jurisdiction of him, just as if he were an adult plaintiff, and orders, judgments and decrees entered in the course of it are binding and conclusive upon him, while they remain unreversed. And generally, any infant may thus bring his action, if he has good cause . . . ."); *White v. Albertson*, 14

N.C. 241, 242-43 (1831) (differentiating between a valid judgment against a represented minor and an invalid judgment by default against minors not represented). As a result, "ordinarily the failure of the guardian to sue in apt time is the failure of the ward, entailing the same legal consequence with respect to the bar of the statute." *Johnson*, 217 N.C. at 144, 7 S.E.2d at 477-78.

Moreover, once the statute of limitations begins to run, it is not thereafter tolled. *Rowland v. Beauchamp*, 253 N.C. 231, 234-35, 116 S.E.2d 720, 723 (1960) (appointing a new GAL did not restart the statute of limitations, which began to run at the appointment of the first GAL); *id.* at 235, 116 S.E.2d at 723 ("It is well settled that, when the statute of limitations begins to run, nothing stops it." (quoting *Frederick v. Williams*, 103 N.C. 189, 190-91, 9 S.E. 298, 298 (1889))).[3] As such, the court's appointment of a GAL requires the GAL, as the minor's legal representative, to comply with the standard three-year statute of limitations for medical malpractice claims. *See* N.C.G.S. § 1-17(a), (b) (requiring the claim be brought within the time specified by N.C.G.S. § 1-15(c) after the disability is removed). This interpretation of

---

[3] *See also Genesco, Inc. v. Cone Mills Corp.*, 604 F.2d 281, 283 (4th Cir. 1979) ("Unlike most jurisdictions, North Carolina does not suspend the running of the statute of limitations on an infant's cause of action during the period of infancy when the infant has a guardian charged with the duty of bringing the action on his behalf."); *id.* at 285 ("The rationale of the *Rowland* doctrine is that since an infant represented by a guardian has the capacity, despite his infancy, to bring suit through his guardian, there is no need to suspend the running of the statute of limitations."); *Simmons ex rel. Simmons v. Justice*, 87 F. Supp. 2d 524, 530 (W.D.N.C. 2000) (Under state law, "even a parent bringing suit on behalf of their own child will not start the running of the statute of limitations against the infant unless the parent is that child's court appointed guardian.").

section 1-17 mirrors the codified duty of a GAL to advocate on behalf of the minor as if the minor is under no disability. *Id.* § 1A-1, Rule 17(e) (2017) ("Any guardian ad litem appointed for any party . . . shall file and serve such pleadings as may be required within the times specified by these rules . . . . [T]he court may proceed to final judgment . . . against any party so represented as effectually and in the same manner *as if said party had been under no legal disability . . . .*" (emphasis added)).

Here, on 10 January 2008, the trial court appointed the GAL and specifically tasked him with bringing an action on behalf of the minor plaintiff. Such an appointment provided plaintiff a legal representative and removed plaintiff's disability of minority. Under section 1-17, the removal of the disability eliminates the tolling and starts the running of the applicable three-year statute of limitations for medical malpractice actions. The GAL's subsequent dismissal of the action did not reinstate the tolling. Plaintiff filed this current action after the statute of limitations expired. Accordingly, we reverse the decision of the Court of Appeals and instruct that court to reinstate the trial court's order dismissing plaintiff's claims as time barred.

REVERSED.

Justice BEASLEY dissenting.

The majority engages in judicial interpretation of a clear and unambiguous statute, N.C.G.S. § 1-17(b), to reach a result that is contrary to its plain language. I would hold that the plain language of N.C.G.S. § 1-17(b) dictates that plaintiff's claim is timely, and the unanimous decision of the Court of Appeals below should be upheld. Accordingly, I respectfully dissent.

While the general limitations period applicable to professional negligence claims is three years, N.C.G.S. § 1-15(c) (2017), this case is controlled by the more specific provision addressing the time period within which professional negligence claims "may be brought" "on behalf of a minor," *id.* § 1-17(b) (2017). Subsection 1-17(b) provides, in relevant part:

> *Notwithstanding the provisions of subsection (a) of this section*, . . . an action on behalf of a minor for malpractice arising out of the performance of or failure to perform professional services shall be commenced within the limitations of time specified in [N.C.]G.S. [§] 1-15(c), *except that if those time limitations expire before the minor attains the full age of 19 years, the action may be brought before the minor attains the full age of 19 years.*

*Id.* § 1-17(b) (emphases added).[1] The statute's language could not be more clear. The provision allows a minor plaintiff injured by the professional negligence of another to

---

[1] All parties to this appeal, the Court of Appeals, and the majority agree that the General Assembly's addition of N.C.G.S. § 1-17(c) became effective 1 October 2011 and does not apply to plaintiff's claim because the actions upon which plaintiff's claim is based

bring a claim at any time "before the minor attains the full age of 19 years." *Id.* There is no proviso in subsection 1-17(b) allowing for a different result in the event that the minor is appointed a guardian *ad litem* (GAL) or if the minor files suit but elects to take a voluntary dismissal without prejudice under N.C.G.S. § 1A-1, Rule 41(a)(1).

Despite the clear, unambiguous language used by the legislature, the majority concludes—without citation to authority—that "[r]emoval of the disability [of minority] . . . by appointment of a GAL triggers the running of the statute of limitations," and that subsections 1-17(a) and (b) "requir[e] [that the minor's claim] be brought within the time specified by N.C.G.S. § 1-15(c) after the disability is removed." In doing so, the majority grafts additional terms onto subsection 1-17(b) that stem from provisions of *general applicability*: N.C.G.S. § 1-15(c) and N.C.G.S. § 1-17(a). *See First-Citizens Bank & Tr. v. Willis*, 257 N.C. 59, 62, 125 S.E.2d 359, 361 (1962) (interpreting the general disability tolling provision of N.C.G.S. § 1-17 as it existed at the time); *see also Teele v. Kerr*, 261 N.C. 148, 150, 134 S.E.2d 126, 128 (1964) (same); *Johnson v. Pilot Life Ins. Co.*, 217 N.C. 139, 143-44, 7 S.E.2d 475, 477-78 (1940) (same). The majority's reasoning is sound when applied to a minor's cause of action that does not fall within the scope of N.C.G.S. § 1-17(b). *See Rowland v.*

occurred prior to that date. *See* Act of June 13, 2011, ch. 400, sec. 9, 2011 N.C. Sess. Laws 1712, 1716 (captioned "An Act to Reform the Laws Relating to Money Judgment Appeal Bonds, Bifurcation of Trials in Civil Cases, and Medical Liability") (codified as amended at N.C.G.S. § 1-17 (2017)). However, the majority's interpretation of N.C.G.S. § 1-17(b) would apply with equal force to the amended statute to which the majority refers, N.C.G.S. § 1-17(c)(1) (2017).

*Beauchamp*, 253 N.C. 231, 234-35, 116 S.E.2d 720, 722-23 (1960).  But the plain language of subsection 1-17(b) is not susceptible to this interpretation.

Subsection 1-17(b) begins by directing the reader to *disregard* the provisions of general applicability from subsection 1-17(a) which would require a minor plaintiff to bring her cause of action within three years "after the removal of the disability." *See* N.C.G.S. § 1-17(b) ("Notwithstanding the provisions of subsection (a) of this section. . . ."); *see also Notwithstanding*, *Black's Law Dictionary* (10th ed. 2014) (defining "[n]otwithstanding" as "Despite; in spite of").  Additionally, N.C.G.S. § 1-15, describing the generally applicable three-year limitations period for professional negligence actions, states that "[c]ivil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action has accrued, *except where in special cases a different limitation is prescribed by statute*."  N.C.G.S. § 1-15(a) (2017) (emphasis added).  Subsection 1-17(b) prescribes a "different limitation" for the "special cases" of professional negligence actions brought on behalf of minors. "Where the language of a [statute] is clear and unambiguous, there is no room for judicial construction and the courts must give [the statute] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) (quoting 7 Strong's North Carolina Index 2d: *Statutes* § 5, at 77 (1968) (footnotes omitted)); *see also* Ernest Bruncken, *Interpretation of the Written Law*, 25 Yale L.J. 129, 130 (1915) ("[T]he actual intention of the legislat[ure] is quite

immaterial [to a plain reading construction]; what matters is the way in which [legislators] ha[ve] actually expressed [their] intention. We must look to the wording of the statute, and to that alone."). Further,

> [w]here there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, *the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute*, according to the authorities on the question, unless it appears that the legislature intended to make the general act controlling; and this is true *a fortiori* when the special act is later in point of time, although the rule is applicable without regard to the respective dates of passage.

*Nat'l Food Stores v. N. C. Bd. of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966) (emphasis added) (quoting 82 C.J.S. *Statutes* § 369, at 839-43 (1953) (second italics added) (footnotes omitted)). Here, the later enacted, more specific provision of subsection 1-17(b) controls over the general provisions of subsections 1-17(a) and 1-15(c).

According to the plain language of subsection 1-17(b), "the action may be brought before the minor attains the full age of 19 years." N.C.G.S. § 1-17(b). This action was brought before plaintiff's nineteenth birthday. Thus, the decision of the Court of Appeals is correct and should be affirmed.

Justices HUDSON and MORGAN join in this dissenting opinion.